United States District Court
Southern District of Texas
**ENTERED**
September 18, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JAMES WESTLEY MCCULLERS, Plaintiff, | § § § | |
| v. | § | MISC. ACTION NO. 7:20-mc-00775 |
| GARCIA, et al., Defendants | § § § § | |

## REPORT & RECOMMENDATION

Plaintiff, James Westley McCullers, a state prisoner proceeding pro se, is seeking to file a civil rights suit against the following individuals employed at the Texas Department of Criminal Justice (TDCJ), Segovia Unit: Warden J. Garcia, individually, and L. Lopez, individually and in her official capacity, under 42 U.S.C. § 1983, on allegations that L. Lopez opened legal mail and generally interfered with Plaintiff's sending of legal mail while Plaintiff was incarcerated at the Segovia Unit in Edinburg, Texas. Plaintiff has failed to pay the filing fee required to institute a civil action, $350.00, or alternatively, to provide a statement of his inmate trust fund account (or institutional equivalent) for the six-months preceding the filing of this action to support a request to proceed *in forma pauperis*. For the reasons that follow, the undersigned recommends that Plaintiff's request to proceed *in forma pauperis* be **DENIED** and Plaintiff's complaint be **DISMISSED** without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Further, that all other Plaintiff motions be denied as moot.

## BACKGROUND

On May 11, 2020, Plaintiff filed a complaint per 42 U.S.C. § 1983 alleging that Warden of the TDCJ Segovia Unit and a correctional officer/mail room officer identified as L. Lopez violated his rights under the Fifth and Eighth Amendments of the United States Constitution; caused

1

Plaintiff emotional distress by opening his legal mail on or about April 30, 2020; and interfered with his outgoing legal mail around the same time. (Dkt. No. 1 at 2, 3.)[1] Plaintiff seeks a permanent injunction ordering Defendants, and all other correctional officers and administrators, from opening legal mail without the inmate being present. Plaintiff also seeks monetary damages against both the Warden and the correctional officer identified as L. Lopez. (*Id.* at 3.)

On May 18, 2020, the undersigned issued the first Order advising Plaintiff of the need to either pay the filing fee or request to proceed *in forma pauperis*. As part of the Order, Plaintiff was advised to provide a statement of his inmate trust fund account (or institutional equivalent) for the six-month period preceding the filing of the complaint. Plaintiff was advised that failure to comply may be interpreted as failure to prosecute and may lead to the dismissal of his action. Plaintiff's deadline to comply was set for June 17, 2020. (Dkt. No. 2.)

On May 20, 2020, Plaintiff filed an Amended Complaint, Application to Proceed *in forma pauperis*, Motion for Appointment of Counsel, and Proposed Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order. (Dkt. Nos. 3-6.) The Application to Proceed *in forma pauperis* did not contain the required inmate trust fund account as requested. (*See* Dkt. No. 4.) A second Order was issued by the undersigned advising Plaintiff of the need for the statement of his inmate trust fund account, and provided a deadline of July 22, 2020. Similar to the first Order, Plaintiff was advised that failure to comply may lead to dismissal of action. (Dkt. No 8.)

On July 2, 2020, Plaintiff filed a Motion for Summary Judgment, a second Motion for Appointment of Counsel, a letter pertaining to lack of medical attention at the prison facility, and a Motion for Extension of Time. (Dkt. Nos. 10-13.) The Motion for Extension of Time contained

---

[1] Plaintiff filed an Amended Complaint on May 20, 2020, which essentially sets forth the identical claims from the original complaint. (*See* Dkt. No. 3.)

2

a second application to proceed *in forma pauperis* with a request for additional time to obtain the inmate trust fund account. (Dkt. No. 13 at 5-6.) With the Motion, Plaintiff set forth that he was attempting to obtain the account information but did not have any success. (*Id.*) On July 15, 2020, said request was granted and Plaintiff was provided, by a third Order, until August 17, 2020 to provide a statement of his inmate trust fund account. (Dkt. No. 14.) On July 20, 2020, Plaintiff filed a copy of a request for said account information he presumably provided to prison officials. (Dkt. No. 15.) On August 18, 2020, a letter motion was filed by Plaintiff that he was scheduled for release on August 7, 2020, and that he had not been released due to the facility being in lock down.[2] Plaintiff also set forth various medical concerns within the letter motion. Finally, Plaintiff requested an update as to this case and a second habeas matter pending in District Court before Magistrate Judge Ormsby in Case No. 7:20-mc-00763. (Dkt. No. 17.)

Plaintiff has not provided the required statement of his inmate trust fund account.[3]

## ANAYLSIS

A pro se, prisoner who seeks to go forward with a civil lawsuit may request to do so without prepayment of the necessary fees. 28 U.S.C. § 1915(a)(1). A pro se, prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" with such a request. 28

---

[2] Plaintiff is currently being held at Estelle Unit in Huntsville, Texas, (for which he filed a notice of updated address on June 17, 2020) and has an expected release date of October 28, 2020. (Dkt. No. 7); *see also Offender Information Details,* Texas Department of Criminal Justice (last visited September 17, 2020) https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=50561269.

[3] On April 28, 2020, Plaintiff filed a civil rights suit against Ken Paxton, Attorney General of Texas, Brian Collier, Executive Director of the Texas Department of Criminal Justice, and several unnamed corrections officers at Segovia Unit alleging deprivation of civil rights for a variety of reasons including filing false reports of misconduct, lack of air conditioning, improper medical care, improper grievance procedures, and force compliance in unnecessary rehabilitation programs. *McCullers v. Collier, Paxton, et al.*, Case No. 7-20-mc-763, Dkt. No. 1-3. On July 16, 2020, Magistrate Judge Ormsby issued an Order directing Defendant to pay filing fee or seek to proceed *in forma pauperis*. (Dkt. No. 16.) That request is pending as of the filing of this Report and Recommendation.

U.S.C. § 1915(a)(2). Even if a prisoner is allowed to go forward without prepayment of the fee, in other words, if he is allowed to proceed *in forma pauperis*, said "prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Section 1915 sets forth the installment schedule for payments based on the prisoner's trust fund account to fulfill the payment of the required filing fee. 28 U.S.C. § 1915(b)(1)-(2).

Despite three repeated Orders to provide said information, Plaintiff has failed to provide his inmate trust fund account as required. In one filing from July 14, 2020, it appears the instructions to obtain the account information have been provided to Plaintiff along with a handwritten note addressed to Plaintiff that he needs to follow said steps to obtain the account information. The date of that note appears to be June 30, 2020. (Dkt. No. 13 at 5.) Plaintiff thus appears to be aware of the procedures but he's unable to comply as required.

This failure to provide the account statement subjects this civil complaint to dismissal for want of prosecution. In each of the three Orders issued by the undersigned, Plaintiff is made aware that the case may be dismissed for failure to appropriately comply with the Order. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal may be made upon the court's own motion or on motion by the opposing party. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party proceeding pro se, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

The court's discretion in dismissing a case per Rule 41(b) is "narrower" when the dismissal is with prejudice, or, the dismissal is without prejudice, but further prosecution is barred by the

statute of limitations. *Brown v. Werner Holdings Co., Inc.*, 5-18-CV-00977-FB-RBF, 2019 WL 2515313, *2 (W.D. Tex. June 18, 2019) (quoting *Brown v. King*, 250 F. App'x 28, 29 (5th Cir. 2007)). In such circumstances, "[a] court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice [when further prosecution is not barred by limitations period], among other lesser measures." *Lennon v. Bingham*, 6:18-CV-483, 2018 WL 6919876, *2 (E.D. Tex. Nov. 13, 2018) (citing *McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1982)); *see also Hatchett v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000) (district court erred in dismissing without prejudice without considering a lesser sanction because statute of limitations barred further prosecution). If dismissing with prejudice, the explanation for dismissal should be set out on the record. *Lennon*, 2018 WL 6919876 at *2 (citing *McNeal*, 842 F.2d at 793).

Plaintiff is complaining about alleged violations of constitutional rights based on claims that a prison official searched legal mail, interfered with legal mail, and that the prison warden allowed such transgressions. The allegations, if true, occurred in April of this year. The claim of constitutional violation by a state official is made pursuant to 42 U.S.C. § 1983. The statute of limitations for such 1983 civil right claims are governed by the forum state's statute of limitations for tort claims. *Clyce v. Butler*, 876 F.3d 145, 148 (5th Cir. 2017). In Texas, the limitations period is two years for personal injury claims. *Clyce*, 876 F.3d at 148 (citing Tex. Civ. Prac. & Rem. Code §§ 16.001 & 16.003); *see also Hatchet*, 201 F.3d at 654. A dismissal without prejudice will not bar future prosecution as the allegations occurred in April of this year and it is therefore an appropriate sanction to consider.

In fact, this action should be dismissed without prejudice for failure to prosecute because Plaintiff failed to comply with three court orders in a timely manner. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming district court's dismissal of a § 2241 habeas action

5

where the petitioner failed to comply with the court's orders by refusing to pay the required filing fee); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights action where the petitioner failed to comply with the court's order to pay a filing fee).

Upon the issuance of this Report and Recommendation, should Plaintiff either be able to pay the required filing fee or be granted permission to proceed *in forma pauperis* upon receipt and review of the appropriately filed inmate trust fund account for the past 6-months, this matter will be docketed by the District Clerk's Office as a new civil matter. Plaintiff's claims will then be subject to screening to determine if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b). That screening will determine if Plaintiff is allowed to proceed forward with this lawsuit against the named Defendants. Even if a determination is made that the complaint should be dismissed per the section 1915A screening, Plaintiff will still be required to pay the filing fee even if he was granted permission to proceed *in forma pauperis*. 28 U.S.C. § 1915(b)(1).

## *CONCLUSION*

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Plaintiff's request to proceed *in forma pauperis* (Dkt. No. 4) be **DENIED** and that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** without prejudice for failure to prosecute. It is further recommended, that his remaining filings, including the Amended Complaint (Dkt. No. 3), Motion for Appointment of Counsel (Dkt. No. 5), request for preliminary injunction and temporary

restraining order (Dkt. No. 6), Motion for Summary Judgment (Dkt. No. 10), and second Motion for Appointment of Counsel (Dkt. No. 11), be **DENIED** as moot.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Plaintiff's last known address on file with the Clerk's Office by any receipted means.

**DONE** at McAllen, Texas, this 18th day of September, 2020.

Juan F. Alanis
United States Magistrate Judge